## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08 B 35297 |
| | ) | |
| CHERESE JENKINS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |

### MEMORANDUM OPINION

This matter comes before the court on the objection to confirmation by GMAC. Debtor Cherese Jenkins purchased a 2007 Saturn Vue on December 30, 2006, and filed this case on December 27, 2008. GMAC filed its objection to confirmation on February 11, 2009, and Jenkins subsequently filed an amended plan. According to GMAC's reply, the only remaining issue is whether GMAC is entitled to reimbursement of attorney's fees.

GMAC argues that under Travelers Casualty v. PG&E, 127 S. Ct. 1199 (2007), when a contract provides for attorney's fees, those fees are allowable in bankruptcy "except where the Bankruptcy Code provides otherwise." 11 U.S.C. § 506(b) provides otherwise, as it prohibits undersecured creditors from seeking reimbursement of attorney's fees.

But GMAC asserts that a purchase money security interest secures its debt, and the debt was incurred within 910 days of the bankruptcy filing, so it holds a "910 claim." As a result, the hanging paragraph in § 1325(a)(5) governs, and section 506 does not apply. Thus, there is no section of the Bankruptcy Code that "provides otherwise" and GMAC asserts that it is entitled to attorney's fees. Jenkins argues that because § 1325(a) does not specifically provide for attorney's fees, such fees are not allowed.

The Seventh Circuit discussed the hanging paragraph in § 1325(a)(5) in Matter of Wright, 492 F. 3rd 829 (7th Cir. 2007): "[B]y knocking out section 506, the hanging paragraph leaves the parties to their contractual entitlements."

In Wright, the debtors surrendered their car and argued that the undersecured creditor with a 910 claim was not entitled to a deficiency judgment because section 506 did not apply and the claim could not be bifurcated.

The Circuit disagreed, stating that:

> it is a mistake to assume . . . that section 506 is the only source of authority for a deficiency judgment when the collateral is insufficient. The Supreme Court held in Butner v. United States, 440 U.S. 48 (1979), that state law determines rights and obligations when the Code does not supply a federal rule. See also, e.g., Travelers Casualty & Surety Co. v. PG&E, 549 U.S. 443 (2007); Raleigh v. IDOR, 530 U.S. 15 (2000).

492 F. 3rd at 832.

Since the Wrights' contract provided that they were liable for any deficiency, "[i]f the Wrights had surrendered their car the day before filing for bankruptcy, the creditor would have been entitled to treat any shortfall in the collateral's value as an unsecured debt. It is hard to see why the result should be different if the debtors surrender the collateral the day after filing for bankruptcy when, given the hanging paragraph, no operative section of the Bankruptcy Code contains any contrary rule." Id.

This reasoning applies equally well to the provision of GMAC's contract that allows for attorney's fees. Section 506 is the only provision that disallows attorney fees for undersecured claims, and § 506 does not apply to 910 claims. The Seventh Circuit has instructed us that when § 506 is knocked out, the parties are left to their contractual entitlements. This leads to the result that if GMAC's contract provided for recovery of attorney's fees, such fees must be paid through the plan.

The question then is whether the contract provides for attorney's fees. According to the contract, "[i]f the Creditor hires an attorney to collect what you owe, you will pay the attorney's reasonable fee." Jenkins argues that this particular contract provision is based on the Illinois Motor Vehicle Retail Installment Sales Act, 815 ILCS 375/1 et seq. The MVRISA states that "a retail installment contract may provide for the payment by the buyer of reasonable attorney's fees incurred in the collection or enforcement of the contract." 815 ILCS 375/11.

Jenkins asserts that GMAC's actions are not actions to collect, because the automatic stay is in place. Therefore, they must be actions to enforce the contract in order to result in the allowance of attorney's fees. And she contends that objections to confirmation are not actions to enforce a contract.

GMAC did not address this argument in its reply, although Judge Cox did in In re Marks, 394 B.R. 198 (Bankr. N.D. Ill. 2008):

> Since the contract provides Marquette with attorney's fees associated with costs of collection and Marquette's objection to the amount of adequate protection payments caused the Debtor to amend her plan to provide the correct amount, Marquette's objection to the debtor's plan as it relates to Marquette's attorney's fees is sustained. The Court rejects the Debtor's attempt to distinguish collection efforts from contract enforcement efforts.

394 B.R. at 206.

GMAC objected to the amount of adequate protection payments in the plan, as well as to the interest rate. After GMAC objected, Jenkins amended her plan. When GMAC hired an attorney to object to Jenkins' plan, it was attempting to collect what it was owed. Under the contract, it is entitled to attorney's fees for those efforts. As did the Marks court, this court rejects Jenkins' attempt to distinguish collection efforts from contract enforcement efforts.

Finally, Jenkins asserts that pursuant to 11 U.S.C. § 1322, she can modify GMAC's rights and eliminate the right to attorney's fees. GMAC responds by asserting that while she can modify GMAC's rights, she cannot eliminate them.

The court agrees with GMAC. If a debtor could void the attorney's fees provision, why not the provision requiring insurance? Although the Wright opinion did not discuss this argument, the Circuit's review of the legislative history suggests that it would side with GMAC:

> Section 306(b) of the 2005 Act, Pub. L. 109-8, 119 Stat. 23, 80 (April 20, 2005), which enacted the hanging paragraph, is captioned 'Restoring the Foundation for Secured Credit,' [which] implies replacing a contract-defeating provision such as section 506 . . . with the agreement freely negotiated between debtor and creditor.

492 F. 3rd at 832.

For all of the reasons stated above, the objection to confirmation is sustained. The debtor must amend her plan to provide for payment of GMAC's attorney's fees.

Date: __JUN 1 5 2009__                 _____
                                        PAMELA S. HOLLIS
                                        United States Bankruptcy Judge